# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

FELIPE JESUS OROZCO-FRANCO      *

Plaintiff      *

v      *      Civil Action No. PJM-10-1709

J. COAKLEY      *

Defendant      *

     ***

## MEMORANDUM

Pending is Defendant's Motion to Dismiss or for Summary Judgment. ECF No. 4. Plaintiff opposes the motion and Defendant has filed a Reply. ECF No. 6. and 7. Upon review of the papers filed, the Court finds a hearing in this matter unnecessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons that follow, the Motion to Dismiss or for Summary Judgment, construed as a Motion for Summary Judgment, shall be granted.

## Background

Plaintiff, an inmate confined at the Federal Correctional Institution in Cumberland, Maryland (FCI-Cumberland), alleges that on October 14, 2009, he was found guilty of a rule violation.[1] The mass disturbance took place at the Federal Correctional Institution at Lewis Run, Pennsylvania ("FCI McKean"), on September 23, 2009, where Plaintiff was incarcerated at the time.[2] He states he was neither seen engaging in the misconduct and nor was he involved in any acts of violence. Plaintiff claims he remained where he was because he feared for his life. During his disciplinary hearing, Plaintiff requested the video surveillance to establish that he was not involved, but his request was denied. Plaintiff alleges he was found guilty of misconduct

---

[1] The rule allegedly violated is referenced as "Rule violation Code 199, Code 105, and Code 307." ECF No. 1 at p. 8.

[2] Plaintiff was transferred to FCI-Cumberland on November 23, 2009. ECF No. 4, Ex. 1.

because he is Hispanic.  ECF No. 1 at p. 8.  Plaintiff seeks return of diminution credits totaling

70 days and requests review of the Bureau of Prisons (BOP) decision for abuse of discretion.  *Id.*

Defendants state that on October 16, 2009, Plaintiff was found to have committed three

prison conduct code offenses by participating in a gang-related melee involving more than 200

prisoners at FCI-Mckean and for refusing to comply with staff orders during that disturbance.

As a result of this finding, the disciplinary hearing officer ("DHO") imposed several sanctions on

Plaintiff, including the loss of good conduct credit and disciplinary segregation for sixty days.

ECF No. 4.

The Incident Report, served on October 14, 2009, charges Plaintiff with violating Code

199, "conduct which disrupts and interferes with the security and orderly running of a BOP

facility" and Code 307, "refusing to obey the order of any staff member."  ECF No. 4 at Ex. 1,

Att. C.  The report was prepared after Special Investigative Services determined[3] that Plaintiff

participated in a large scale group disturbance involving approximately 212 inmates on the

recreation yard on September 23, 2009.

The investigation established that at 2:45 p.m. large groups of two gangs, the Surenos and

Paisa, gathered at the end of the outdoor basketball courts and charged toward African American

inmates, assaulting them with rocks, pieces of concrete, broken broom handles, broken pool

sticks, pool balls, bocci balls, and other items.  Prison staff immediately began ordering inmates

to cease their actions and lie on the ground, but none complied.  After non-lethal weapons were

used, some of the inmates stopped their assault, but soon after the lull most of the inmates,

Hispanic and African American, rose from the ground and continued to fight.  Non-lethal

---

[3] The investigation into the disturbance was concluded on October 8, 2009.  ECF No. 4 at Ex. 1, Att. C.

munitions were again deployed, inmates were then cuffed where they were found on the ground, and each was identified by a staff member. *Id.*

Plaintiff was seen and positively identified by BOP staff as one of the participants of the violent disturbance who refused to obey orders to cease the assault. In addition to the eye-witness account, Plaintiff was identified on video surveillance recordings as one of a group of inmates on the bocci court who had refused to comply with orders. When Plaintiff was served with the Incident Report charging him with code violations, he was advised of his rights by Lieutenant T. Smith. Plaintiff stated he understood his rights and claimed he complied with orders to "get down" and never moved again. ECF No. 4 at Ex. 1, Att. C.

On October 14, 2009, Plaintiff was provided with a Notice of Discipline Hearing. ECF No. 4 at Ex. 1, Att. D. Plaintiff was advised of his rights by the Disciplinary Hearing Officer (DHO) and declined to have a staff representative at his discipline hearing, to call any witnesses on his behalf, or to present documentary evidence. *Id.* at Att. D and E. On October 16, 2009, after the disciplinary hearing, the DHO found that Plaintiff committed the prohibited acts of: (1) a Code 199 offense for conduct which disrupts the orderly running of the institution; (2) a Code 105 offense for rioting; and (3) a Code 307 offense for refusing to obey an order. *Id.* at Att. F.

Plaintiff denied the charges, testifying that he was merely walking the track in the recreation yard and was not participating in the disturbance. ECF No. 4 at Ex. 1, Att. F. Plaintiff's testimony was given little weight because he did not present any evidence to corroborate his story. *Id.* In addition to the direct observation of Plaintiff participating in the riot, it was noted that he was also discovered in an area where inmates had been refusing to obey staff orders and chasing other inmates. The video surveillance of the disturbance showed

inmates who did not wish to take part in the disturbance moving to other areas of the recreation area and that all the inmates located in the bocci ball court area were seen running in different directions chasing other inmates. *Id.* at Att. F, p. 3. Furthermore, Plaintiff was identified as being affiliated with the Paisa gang and he has not denied that affiliation. *See* ECF No. 6 at p. 5 (asserting a right of free association regarding membership in Paisa); and p. 17 (DHO noting Plaintiff's admission of being Paisa). The DHO notes, in a correctional setting, it is commonly known that if an inmate is a member of a disruptive group, you are expected to support other members of that group in their activities. ECF No. 4 at Ex. 1.

As a result of finding Plaintiff guilty, the DHO disallowed forty (40) days of his good conduct time, forfeited thirty (30) days of non-vested good conduct time, and ordered sixty (60) days of segregation as well as a disciplinary transfer. ECF No. 4 at Ex. 1, Att. F, p. 3. The DHO explained in her report that the sanctions imposed were designed to punish Plaintiff for his actions, and to deter future offenses of this nature as well as impress upon him that misconduct of that nature will result in an extension of his total imprisonment. *Id.*

## Standard of Review

Summary Judgment is governed by Fed. R. Civ. P. 56(a) which provides that:

> The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## Analysis

Prisoners retain rights under the Due Process Clause, but prison disciplinary proceedings are not part of a criminal prosecution and the full array of rights due a defendant in such proceedings does not apply. *See Wolff v. McDonnell*, 418 U.S. 539, 556 (1974) (*citing Morrissey v. Brewer*, 408 U.S. 471, 488 (1972)). In prison disciplinary proceedings where a prisoner faces the possible loss of diminution credits, he is entitled to certain due process protections. These include: (1) advance written notice of the charges against him; (2) a written statement of the evidence relied on and the reasons for taking any disciplinary action; (3) a hearing where he is afforded the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision; (4) the

5

opportunity to have non-attorney representation when the inmate is illiterate or the disciplinary hearing involves complex issues; and (5) an impartial decision-maker. *See Wolff*, 418 U.S. at 564-571. There is no constitutional right to confront and cross-examine witnesses or to retain and be appointed counsel. *See Baxter v. Palmigiano*, 425 U.S. 308, 322 (1976); *Brown v. Braxton*, 373 F.3d 501, 505-06 (4th Cir. 2004). If the hearing officer's decision contains a written statement of the evidence relied upon, due process is satisfied. *See Baxter*, 425 U.S. at 323 n. 5. Moreover, substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence." *Superintendent, Mass. Correctional Institute v. Hill*, 472 U.S. 445, 455 (1985). Federal courts do not review the correctness of a disciplinary hearing officer's findings of fact. *See Kelly v. Cooper*, 502 F.Supp. 1371, 1376 (E.D.Va.1980). The findings will only be disturbed when unsupported by any evidence, or when wholly arbitrary and capricious. *See Hill*, 472 U.S. at 456; *see also Baker v. Lyles*, 904 F.2d 925, 933 (4th Cir.1990). As long as there is some evidence in the record to support a disciplinary committee's factual findings, a federal court will not review their accuracy.

Plaintiff does not challenge the sufficiency of the notice received or any other procedural aspects of the disciplinary hearing. *See* ECF No. 1 and 6. Rather, the crux of Plaintiff's claim is that the DHO's conclusion that he participated in the disturbance was incorrect. To the extent that the same evidence relied upon to conclude that Plaintiff was guilty could have been interpreted in a different way, it is not the province of this Court to glean that interpretation from the facts presented. Plaintiff maintains that the factors relied upon by the DHO constitute "no evidence," but he is mistaken. The circumstantial evidence included Plaintiff's presence in an area of the prison recreation yard where the disturbance took place, his undisputed membership

in a prison gang, his failure to leave the area with other non-participants, and staff's observation of Plaintiff participating in the disturbance. ECF No. 4 at Ex. 1, Att. F. The evidence supporting Plaintiff's guilt was substantial and more than enough to pass constitutional muster.

Accordingly, based on the undisputed material facts, Plaintiff's disciplinary conviction which resulted in revocation of a portion of his good conduct credits did not violate his right to due process. Having found no basis for the relief sought, Defendants' Motion to Dismiss or for Summary Judgment shall be granted by separate Order which follows.


                                                    /s/
                                        PETER J. MESSITTE
February 28, 2011                       UNITED STATES DISTRICT JUDGE